*Cummings, McBride & Wolfe,* for defendants in error.

### THE MODIFYING OF JUDGMENTS.

[Circuit Court of Summit County.]

The City of Akron v. The Cleveland Terminal & Valley Railroad Company.

Decided, April 15, 1904.

*Jurisdiction on Error—To Modify or Reverse a Judgment—Can Only be Done on the Pleadings or the Facts—Record Silent as to the Facts.*

A reviewing court is without authority to render a different judgment from the one rendered below, except upon the state of the pleadings, or a finding of fact, or a bill of exceptions containing the facts upon which such different judgment can be based; and where the record merely shows that the case was heard, and was argued by counsel and judgment rendered, there can be no modification or reversal of such judgment.

Hale, J.; Marvin, J., and McCarty, J., (sitting in place of Winch, J.), concur.

This case comes into this court by proceedings in error.

On the 30th day of October, 1902, the city instituted proceedings in the probate court of this county for the assessment of the compensation and damages by reason of the appropriation of property belonging to the defendant railroad company, and others, to the use of the city.

After many delays, on August 4, 1903, the preliminary questions involved in the necessity and the right of the city to appropriate were heard by the probate court, and upon that hearing, for some reason, the court determined to consider the questions involved as against all other owners of property separ-

ate from and independent of the railroad company. As to all property owners, except the railroad company, the court found all jurisdictional facts involved in that hearing with the city, and that it was entitled to appropriate the property, and that a jury should be impanneled to assess the compensation and damages to the owners of the property; and there, as to all owners of property, except the railroad company, the record stops. On the same day this entry was made on the issues made between the railroad company and the city:

"This cause coming on further to be heard on the application filed herein by the city of Akron to appropriate and condemn the lands described therein against the defendants therein named, and the amended answer to said application filed herein by the Cleveland Terminal & Valley Railroad Company (each and all the other defendants having failed to plead herein, and having failed to appear and contest the right of said city to appropriate said lands described in said application), the city of Akron and the Cleveland Terminal & Valley Railway Company introduced their evidence and the cause was argued by counsel and submitted to the court. It is therefore considered and adjudged by the court that the application of said city of Akron to appropriate said lands of said the Cleveland Terminal & Valley Railroad Company be and the same hereby is dismissed at its costs, but without prejudice to its right to commence a new proceeding for the appropriation of the property of said railroad company and the appropriation of the property of any or all of the other defendants herein named, for the extension of said Prune street."

To all of which finding and judgment of the court exceptions were taken. A petition in error was filed in the court of common pleas to reverse so much of this judgment as added to the judgment of the court "without prejudice to its right to commence a new proceeding," but leaving the balance of the judgment stand.

The court of common pleas reversed that part of the judgment, leaving it to stand as an absolute dismissal of the case, without the modification "without prejudice," and the correctness of the ruling of the court of common pleas is now before this court for review.

No bill of exceptions was taken on the hearing of this issue before the probate court; there was no finding of fact by that court; and we are wholly ignorant of the facts upon which that judgment of the probate court was based. What we do know is, that after the evidence had been introduced, the court dismissed the proceedings without prejudice. Why, we do not know.

It is clear that this judgment, as a whole, can not be reversed upon this record. Indeed, there is no claim that it can be. No such claim was made in the court of common pleas. That court was only asked, in effect, to modify the judgment. We are satisfied that that judgment must stand as rendered, or the whole judgment set aside; and as it is not asked to set aside the whole judgment, it necessarily follows that it must stand as rendered. The judgment is an entirety. The dismissal of the proceeding, without prejudice, has an entirely different legal effect from the dismissal of a case with prejudice, or without that qualification. The probate court never rendered the latter judgment. That court adjudged that the proceeding should be dismissed without prejudice, but never held that, under the facts, the case should be dismissed without that qualification. To strike out that qualification leaves a judgment that that court never rendered; and there are no facts upon this record from which this court, or the court of common pleas, could determine that that court intended to render such judgment, or that such judgment was the proper judgment to be rendered.

We are aware that a reviewing court, on the reversal of a judgment under proper conditions, may render such judgment as the trial court should have rendered in the case; but that must be done either upon the state of the pleadings, or upon a finding of fact, or upon facts brought before the court in a bill of exceptions, so the court can have before it the facts upon which to base such judgment. There were no such facts in this case. There was no finding of fact at all by the trial court. All we know is, that the case was heard, argued by counsel and judgment rendered, dismissing the case without prejudice.

Whether some technicality arose, or for what reason that was done, does not appear.

So we hold, as this record stands, no reversal or modification of that part of the judgment was authorized by the court of common pleas.

We, therefore, hold the court erred in modifying the judgment of the probate court, and the judgment of the court of common pleas is reversed, and that of the probate court affirmed.

*C. F. Beery,* for plaintiff.

*Allen, Waters & Andress,* for railroad company.